# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52969

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

GREGORY BLAIR GUTHRIE,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  July 7, 2026

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County.  Hon. Stevan H. Thompson, District Judge.

Idaho Criminal Rule 35 order amending judgment, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; LORELLO, Judge;
and MELANSON, Judge Pro Tem

_____

PER CURIAM

Gregory Blair Guthrie pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1).  In exchange for his guilty plea, additional charges were dismissed.  The district court imposed a unified term of six years with two years determinate.  Guthrie filed an Idaho Criminal Rule 35 motion.  At the hearing on the I.C.R. 35 motion, the district court reduced the determinate term of Guthrie's sentence to one and one-half years.  Guthrie appeals, contending that the district court abused its discretion by failing to place him on probation or retain jurisdiction and only partially granting his I.C.R. 35 motion.

A trial court's decision to grant or deny an I.C.R. 35 motion will not be disturbed in the absence of an abuse of discretion.  *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct.

1

App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Since the district court later modified Guthrie's sentence pursuant to his I.C.R. 35 motion, we will only review Guthrie's modified sentence for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992). Guthrie has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce Guthrie's sentences, place him on probation, or retain jurisdiction. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Guthrie has failed to show such an abuse of discretion.

The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). Probation is the ultimate goal of retained jurisdiction. *Id.* There can be no abuse of discretion in declining to retain jurisdiction if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id.* The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016). A decision to deny probation will not be deemed an abuse of discretion if it is consistent with the criteria articulated in I.C. § 19-2521. The record in this case shows that the district court properly considered the information before it and determined that retaining jurisdiction, placing Guthrie on probation, or further reducing Guthrie's sentence was not appropriate.

Accordingly, the district court's order granting Guthrie's I.C.R. 35 motion and amending the judgment is affirmed.